IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 40483

ALISHA ANN MURPHY, )
 )
    Defendant-Appellant. )    **Boise, November 2013 Term**
 )
v. )    **2014 Opinion No. 24**
 )
STATE OF IDAHO, )    **Filed: February 25, 2014**
 )
    Plaintiff-Respondent, )    **Stephen W. Kenyon, Clerk**
 )
_____ ).

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

District court order denying appointment of counsel and summary dismissal of successive petition for post-conviction relief, <u>affirmed.</u>

Sara B. Thomas, Idaho Appellate Public Defender, Boise, for appellant. Erik R. Lehtinen, Deputy Idaho Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Lori Anne Fleming, Deputy Attorney General argued.

_____

BURDICK, Chief Justice

Alisha Ann Murphy petitioned this Court for review of the Court of Appeals' opinion regarding her successive petition for post-conviction relief in *Murphy v. State*, No. 37254 (Idaho Ct. App. July 26, 2012). On appeal, Murphy argued that the district court erred in denying her request for counsel, summarily dismissing her successive petition, and denying her I.R.C.P. 60(b) motion for reconsideration. She argued that her ineffective assistance of trial counsel claims were properly before the district court on successive petition because, under this Court's decision in *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981), ineffective assistance of post-conviction counsel constituted sufficient reason to bring a successive petition under I.C. § 19-4908. The Court of Appeals reversed in part and affirmed in part, concluding that the district court properly dismissed three out of the four ineffective assistance of counsel claims without appointing counsel. As to the remaining claim, the Court of Appeals held that Murphy alleged

1

sufficient facts to raise the possibility of a valid claim and remanded that claim to the district court for appointment of counsel. Murphy argues on review that she is entitled to relief from the district court's orders denying counsel and summarily dismissing each of the claims in her successive petition. Murphy further argues that the Court of Appeals should have vacated the summary dismissal order and remanded the case for appointment of counsel generally having found the existence of one possibly valid claim.

We hold that that ineffective assistance of post-conviction counsel is not a sufficient reason under I.C. § 19-4908 for allowing a successive petition, and thus, overrule *Palmer v. Dermitt*. Accordingly, the Court of Appeals' decision is reversed and the district court's order of summary dismissal of Murphy's successive petition for post-conviction relief is reinstated.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2001, Murphy was convicted of first degree murder of her husband, James Murphy. She appealed the conviction and sentence, which were affirmed in an unpublished opinion. *State v. Murphy*, No. 27853 (Idaho Ct. App. Jan. 8, 2003).

Murphy filed a pro se application for post-conviction relief asserting numerous claims of ineffective assistance of counsel, police misconduct, prosecutorial misconduct, and judicial misconduct, together with a motion for the appointment of counsel. At all relevant times during the proceedings for post-conviction relief, Murphy was represented by appointed counsel. The court summarily dismissed Murphy's petition for post-conviction relief in its entirety. On appeal, the Court of Appeals affirmed the district court in part, reversed in part, and remanded the bulk of Murphy's claims to the district court for further proceedings. *Murphy v. State*, 143 Idaho 139, 139 P.3d 741 (Ct. App. 2006). Of relevance to the present appeal, the Court of Appeals affirmed the summary dismissal of Murphy's claim of ineffective assistance of counsel regarding counsel's failure to call Norma Jo Robinson, Murphy's mother, to testify at trial about a telephone message allegedly left by James Murphy on Robinson's answering machine on the night that he was killed. Additionally, the court reversed the summary dismissal of her claim that defense counsel was ineffective for failing to hire a forensic pathologist to aid the defense. The Court of Appeals then remanded the case with instructions for the district court to authorize funding for a forensic pathologist to review Murphy's claim. Also of relevance to this appeal, because notice of grounds for dismissal had not been given to Murphy by the district court, the Court of Appeals reversed the dismissal of several other claims, including her claim that her trial counsel was ineffective for failing to obtain telephone records that Murphy claimed would show a call from James Murphy's cell phone

2

or the Murphy home's landline telephone to Robinson's telephone after the time that Murphy and her children had left the house.

On remand, after authorizing Murphy to hire an independent forensic pathologist at public expense, the district court ultimately granted Murphy an evidentiary hearing to address her remaining claims of ineffective assistance of counsel for defense counsel's failure to: (1) retain a forensic pathologist; (2) retain a gunshot residue ("GSR") expert; (3) retain a blood spatter expert; and (4) investigate mobile phone records. Murphy's counsel waived all of her remaining claims for post-conviction relief except the claim that counsel was ineffective for failing to retain a forensic pathologist.

At the conclusion of the evidentiary hearing, the district court entered a decision addressing all of the claims, including those waived by counsel, and denied post-conviction relief to the petitioner. Murphy then appealed for a third time contending that the district court erred in denying relief as to the lone claim that was the subject of the evidentiary hearing. The Court of Appeals affirmed the district court's denial of this claim discerning no prejudice to Murphy from defense counsel's failure to hire a forensic pathologist. *Murphy v. State*, No. 34920 (Idaho Ct. App. Apr. 17, 2009).

While Murphy's third appeal was pending, she filed a successive petition for post-conviction relief re-raising claims concerning her trial counsel's failure to obtain phone records and his failure to retain the services of a GSR expert, and also raising new issues concerning her trial counsel's failure to object to the admission of certain trial testimony. She asserted that these claims were properly before the district court on successive petition because her previous post-conviction attorneys had either failed to raise them in an amended petition, or had failed to properly present them in the first post-conviction proceeding. She also moved for appointment of counsel.

The State answered Murphy's petition and moved to dismiss it. On September 30, 2009, the district court entered an order conditionally denying Murphy's motion for the appointment of counsel and giving her notice of its intent to dismiss the successive petition along with 30 days to respond. Having received no response from Murphy, the district court entered an order denying the appointment of counsel and dismissing Murphy's successive petition with prejudice on November 3, 2009.

3

On December 1, 2009, Murphy filed a motion for reconsideration of the summary dismissal order, asserting that she had timely responded. The district court treated Murphy's motion as an I.R.C.P. 60(b) motion and found that Murphy "did in fact attempt to timely respond to the court's notice of intent to dismiss." The court then evaluated Murphy's response to determine if Murphy "set forth a meritorious claim in her successive petition for post-conviction relief to justify . . . reconsideration or the setting aside of [the] prior order of dismissal." The court ultimately denied Murphy's motion for reconsideration, concluding that Murphy failed to show that her prior post-conviction counsel inadequately presented her claims in her original petition or otherwise waived meritorious claims. Murphy timely appealed from the district court's orders dismissing her successive petition and denying her motion for reconsideration.

The Court of Appeals reversed in part and affirmed in part the district court's orders denying counsel and summarily dismissing Murphy's successive post-conviction petition. Specifically, the Court of Appeals concluded that, with the exception of her claim that trial counsel was ineffective for failing to obtain telephone records, Murphy failed to allege sufficient facts to establish even the possibility of a valid claim warranting the appointment of post-conviction counsel. Having reached this decision, the Court of Appeals remanded the case to the district court for the appointment of counsel. Murphy then filed a petition for review, which this Court granted.

## II. ANALYSIS

"When a case comes before this Court on a petition for review from a Court of Appeals decision, serious consideration is given to the views of the Court of Appeals, but this Court reviews the decision of the lower court directly." *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010). Relying on the arguments set forward in her previously filed briefs, Murphy argues on review that: (1) the district court erred in denying her motion for appointment of counsel; (2) the district court erred in summarily dismissing her successive petition, and later, in denying her motion for reconsideration; (3) this Court denied her due process by refusing to augment the record on appeal; and (4) the district court erred in taking judicial notice of the proceedings in her prior case generally without being more specific. Murphy raises the argument for the first time on review that having found the existence of one possibly valid claim, the Court of Appeals should have vacated the summary dismissal order and remanded the case for appointment of counsel generally.

4

**A. Ineffective assistance of post-conviction counsel is not a "sufficient reason" under I.C. § 19-4908 for allowing a successive petition.**

Murphy's successive post-conviction petition asserted that her post-conviction counsel was ineffective for a number of reasons and sought the appointment of counsel to pursue her petition's claims. A request for appointment of counsel in a post-conviction proceeding is governed by I.C. § 19-4904, which provides that in proceedings under the UPCPA, a court-appointed attorney "may be made available" to an applicant who is unable to pay the costs of representation. I.C. § 19-4904; *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). The decision to grant or deny a request for court-appointed counsel lies within the discretion of the trial court. *Eby v. State*, 148 Idaho 731, 738, 228 P.3d 998, 1005 (2010). The standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007). "In deciding whether the *pro se* petition raises the possibility of a valid claim, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims." *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007). Although "the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims," counsel should be appointed if the facts alleged raise the possibility of a valid claim. *Id.*

In her successive petition, Murphy asserted that her post-conviction counsel was ineffective for (1) failing to seek to amend her petition to add a claim of ineffective assistance of counsel for her trial counsel's failure to object to the admission of certain testimony; (2) failing to subpoena certain phone records; and (3) failing to hire a GSR expert. Murphy argues that implicit in each of these claims is an ineffective assistance of trial counsel claim.

Generally, I.C. § 19-4908 requires that all allegations relating to a request for post-conviction relief be asserted in one petition. Idaho Code section 19-4908 states:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

5

This Court provided the following analysis of I.C. § 19-4908:

> The intent of this language is clear: all allegations relating to a request for postconviction relief should be asserted in one petition. However, the language of I.C. § 19-4908 does not prohibit successive petitions for postconviction relief in every case, but rather, only prohibits successive petitions in those cases where the petitioner "knowingly, voluntarily and intelligently" waived the grounds for which he now seeks relief, or offers no "sufficient reason" for the omission of those grounds in his "original, supplemental or amended petition."

*Palmer*, 102 Idaho at 593, 635 P.2d at 957 (1981).

To determine whether Murphy can bring a successive petition under § 19-4908, we first look at her post-conviction procedural history. Murphy filed her first post-conviction petition on March 15, 2004, which asserted over twenty claims for relief, including ineffective assistance of trial counsel for failing to hire a forensic pathologist, failure to present alibi evidence relating an alleged phone call made from the Murphy residence, and failure to hire a GSR expert. The district court issued a Notice of Intent to Dismiss and Murphy's appointed post-conviction counsel filed objections and a motion for funding for a forensic pathologist. The district court ultimately dismissed Murphy's first petition and denied funding for a forensic pathologist. On appeal, the Court of Appeals affirmed the denial in part and remanded in part, concluding that the court should have granted the motion for funding for a forensic pathologist and that Murphy did not get adequate notice of other claims that were dismissed. The claims that were remanded included the ineffective assistance of trial counsel claims for failing to investigate certain telephone records and the failure to obtain a GSR expert.

On remand, a forensic pathologist was appointed and an evidentiary hearing was held. Although Murphy's post-conviction counsel chose to focus on the claim relating to the forensic pathologist, the district court addressed all of the remaining claims in its decision denying post-conviction relief. Murphy only appealed the denial of her claim that her counsel was ineffective for not retaining a forensic pathologist, which the Court of Appeals ultimately affirmed. While that appeal was pending, Murphy filed a successive petition for post-conviction relief alleging a number of claims regarding ineffective assistance of post-conviction counsel and seeking the appointment of counsel. The district court found that Murphy had failed to raise the possibility of a valid claim as to any of her claims and so denied the appointment of counsel and summarily dismissed her successive petition, which Murphy now appeals.

6

Murphy argues that although she has already brought one post-conviction petition and has no new evidence to present, *Palmer v. Dermitt* allows her to bring a successive petition raising new claims and reasserting claims from her first petition. In *Palmer*, this Court concluded that an allegation of ineffective assistance of prior post-conviction counsel may provide sufficient reason under § 19-4908 to permit allegations of error at trial not previously raised or inadequately raised in the initial application to be raised in a subsequent post-conviction application. 102 Idaho at 596, 635 P.2d at 960. Since *Palmer* was decided, the United States Supreme Court has held that there is no Sixth Amendment right to appointed counsel in a collateral attack upon a conviction. *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The Court in *Finley* reasoned:

> Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.

481 U.S. at 556–57 (internal citations omitted).

Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," the Court ruled in *Coleman v. Thompson* that "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."[1] 501 U.S. 722, 752 (1991). Based on *Coleman,* several courts have ruled claims of ineffective assistance of post-conviction counsel simply cannot be raised in an application for post-conviction relief. *See, e.g., State v. Stewart*, 496 N.W.2d 524, 529 (Neb. 1993); *Bejarano v. Warden*, 929 P.2d 922, 925 (Nev. 1996); *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995); *Ex parte Graves*, 70 S.W.3d 103, 117 (Tex. Crim. App. 2002). As the Nevada Supreme Court explained, "The logic behind such a rule is that if counsel for post-conviction proceedings, as well as trial and direct appeal, must meet the same standards, then claims of ineffective assistance of counsel in the immediate prior proceeding may be raised ad infinitum." *Bejarano*, 929 P.2d at 925.

Where states have allowed ineffective assistance of post-conviction counsel claims it is generally where a state statute expressly mandates appointment of post-conviction counsel. *See,*

---

[1] In *Coleman*, the defendant claimed that attorney error led to the default of his claims in state court and thus, constituted cause to excuse the default in federal habeas. 501 U.S. 722, 757 (1991).

*e.g.*, *Lozada v. Warden*, 613 A.2d 818, 821 (Conn. 1992); *Stovall v. State*, 800 A.2d 31, 37 (Md. Ct. Spec. App. 2002); *Jackson v. Weber*, 637 N.W.2d 19, 22 (S.D. 2001); *Brown v. State*, 101 P.3d 1201, 1203 (Kan. 2004). *But see Johnson v. State*, 681 N.W.2d 769 (N.D. 2004). Similarly, because Idaho Criminal Rule 44.2 provides for the mandatory appointment of counsel for post-conviction review after the imposition of the death penalty, this Court recently held that post-conviction petitioners sentenced to death have the right to conflict-free counsel. *Hall v. State*, 155 Idaho 610, ___, 315 P.3d 798, 804 (2013).

In contrast, under I.C. § 19-4904 the "decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court." *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. Accordingly, we have held that I.C. § 19-4904 does not create a statutory right to post-conviction counsel, *Fields v. State*, 135 Idaho 286, 291, 17 P.3d 230, 235 (2000), nor is the ineffectiveness of counsel in a prior post-conviction proceeding a ground for relief in a subsequent post-conviction proceeding, *Row v. State*, 135 Idaho 573, 578, 21 P.3d 895, 900 (2001). Our decision in *Palmer* that alleging ineffective assistance of post-conviction counsel constitutes "sufficient reason" under I.C. § 19-4908 to allow a petitioner to assert new claims and to reassert old claims in a successive petition is not in accord with this precedent. We find the Nevada Supreme Court's reasoning in *Bejarano*[2] persuasive:

> While it may be regrettable, we cannot guarantee every defendant effective counsel for every claim that may be raised. Defendants have made a sham out of the system of justice and thwarted imposition of their ultimate penalty with continuous petitions for relief that often present claims without a legal foundation. As one court stated, "We have created a web of procedures so involved that they threaten to engulf the penalty itself." *State v. Steffen,* 70 Ohio St.3d 399, 639 N.E.2d 67, 73 (1994) (limiting post-conviction relief for capital cases).

929 P.2d at 925.

Where there is no right to counsel, there can be no deprivation of effective assistance of counsel. Therefore, we overrule *Palmer* and hold that because Murphy has no statutory or constitutional right to effective assistance of post-conviction counsel, she cannot demonstrate "sufficient reason" for filing a successive petition based on ineffectiveness of post-conviction counsel. We hold that the district court did not err in denying her appointment of counsel or summarily dismissing her successive petition.

---

[2] There, the court interpreted a statute similar to I.C. § 19-4908 that required "good cause" for a petitioner to bring new claims or reassert old claims in a successive petition. *Id.* at 924.

**B. The denial of Murphy's motion to augment the appellate record did not violate her due process rights.**

Murphy's due process argument is based on the following language from the district court's notice of intent to dismiss her successive post-conviction petition:

> [T]he Court will review and take judicial notice of the proceedings in Alisha Ann Murphy v. State of Idaho, Twin Falls County Case No. CV-2004-1292:
>
> > 1. Murphy's appeal of her sentence and conviction was decided on January 8, 2003, and the Remittitur was filed on April 14, 2003.
> >
> > 2. Murphy filed her original post-conviction petition pro se on March 15, 2004. The petition as originally filed alleged in excess of 23 claims and sub-claims for post-conviction relief based on ineffective assistance of counsel; prosecutorial misconduct; police misconduct; and judicial misconduct.
> >
> > 3. The court had issued a Notice of Intent to Dismiss and the State filed a Motion for Summary Dismissal and appointed counsel filed affidavits and a brief in opposition to summary dismissal as well as a motion for funding of forensic pathologist.
> >
> > …

Thus, after stating that it would take judicial notice of the proceedings from Murphy's earlier case, the court listed nine proceedings of which it was taking notice. Based on this statement, Murphy sought to augment the appellate record of this case with an as yet unprepared transcript of a May 29, 2007, hearing in her original post-conviction action and, alternatively, with an audio recording of that hearing. This Court denied Murphy's motion to augment reasoning that "the requested transcript could not have been considered in the 2008 [successive] post-conviction case because it did not exist at that time and there is nothing to indicate that the district court reviewed the audio recording."

Murphy now contends that this Court violated her due process rights by denying her motion to augment the appellate record with either the requested transcript or an audio recording. Alternatively, Murphy argues that the district court erred in taking judicial notice of the "proceedings" in her prior post-conviction case generally without being more specific as to what it considered. Neither of these claims have merit.

Idaho Rule of Evidence 201(c) requires that when a court takes judicial notice of another court file, it must "identify the specific documents or items that were so noticed." In this case, the district court's statement that it was taking judicial notice of proceedings from Murphy's prior post-conviction case was followed by a colon and a list of nine items of which the court

was taking notice. "A colon introduces an element or a series of elements illustrating or amplifying what has preceded the colon." *Chicago Manual of Style* (Univ. of Chic. Press, 15th ed. 2003). Thus, it is clear that the enumerated list following the colon did in fact identify the specific items taken under judicial notice and the district court did not violate I.R.E. 201(c).

Murphy's due process claim also fails. This claim also turns on the district court's language that it was "taking judicial notice" of the proceedings in Murphy's prior case. Murphy contends that this language directly contradicts our prior conclusion that there is no evidence that the district court considered the audio recording from the May 29, 2007 hearing. She contends that the district court's general language clearly indicates that it considered this audio recording, or at a minimum, this Court cannot assume that the district court did not consider it. The list of nine items the district court was taking notice of indicates that the court did not in fact consider the audio recordings from the May 29, 2007 status hearing. Therefore, Murphy's due process rights were not violated by the denial of her request to augment the record on appeal.

### III. CONCLUSION

In sum, we do not recognize an independent right to effective assistance of counsel during post-conviction proceedings. We overrule *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981), and hold that ineffective assistance of post-conviction counsel is not a sufficient reason under I.C. § 19-4908 for allowing a successive petition. Therefore, we affirm the district court's denial of Murphy's motion for appointment of counsel and the summary dismissal of her successive petition. Costs on appeal are awarded to the state.

Justices, EISMANN, J. JONES, HORTON and SCHROEDER, J., pro tem, **CONCUR.**