IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40323

| | | |
|---|---|---|
| **CLYDE OWEN DIXEY,** | ) | **2014 Unpublished Opinion No. 667** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: August 14, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett, Boise, for appellant. Robyn Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

MELANSON, Judge

Clyde Owen Dixey appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Dixey was found guilty of two counts of burglary for entering a tire shop warehouse with the intent to commit theft by taking tires in September and November 2006. I.C. § 18-1401. The district court sentenced Dixey to concurrent unified terms of eight years, with minimum periods of confinement of four years. Dixey's counsel failed to appeal the judgment of conviction. In November 2008, Dixey filed a pro se petition for post-conviction relief alleging, among other things, multiple grounds of ineffective assistance of trial counsel, including counsel's failure to timely appeal Dixey's judgment of conviction. After appointment of post-conviction counsel, Dixey twice amended his petition and also filed an affidavit in response to the state's third

1

motion for summary dismissal. The district court ultimately denied all but Dixey's claim of ineffective assistance of counsel for failure to timely appeal his judgment of conviction. Dixey's judgment of conviction was subsequently reentered, allowing him to directly appeal. This Court affirmed Dixey's judgment of conviction for the two counts of burglary in an unpublished opinion. *See State v. Dixey*, Docket No. 38482 (Ct. App. Feb. 10, 2012).

While his appeal was pending, Dixey filed a successive petition for post-conviction relief, raising seven allegations of ineffective assistance of trial counsel that he claimed were either not raised or not properly raised by post-conviction counsel. This included an allegation that prior post-conviction counsel had inadequately presented a claim that trial counsel was ineffective for failing to investigate and present evidence supporting Dixey's assertion that he did not own the pickup used in the September burglary until late October and that the person who owned the pickup at the time of the September burglary was the actual perpetrator of that crime. The state filed a motion for summary dismissal, asserting that Dixey's successive petition was not timely filed under I.C. § 19-4902(a) and was improper pursuant to I.C. § 19-4908[1] because it contained only claims that had or should have been previously raised. At a hearing on the state's motion, the state abandoned its timeliness argument and Dixey (through counsel) conceded that only the disputed vehicle ownership and alternate perpetrator claim was viable. In a subsequent order, the district court granted the state's motion and summarily dismissed Dixey's petition, finding that he failed to present sufficient reason to justify filing the successive post-conviction action. This was based on Dixey's failure to explain why he had not raised the claim in his initial pro se petition for post-conviction relief. Dixey appeals.

Dixey argues that he received ineffective assistance of counsel at the trial and post-conviction levels. Specifically, he alleges that his post-conviction counsel was ineffective by

---

[1]     Idaho Code Section 19-4908 provides:

> Waiver of or failure to assert claims. All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

2

failing to argue that his trial counsel had failed to investigate and present evidence disputing his ownership of the vehicle in question at the time of the first burglary and indicating that the owner of the vehicle at the time of the first burglary was the actual perpetrator of that crime. Thus, he alleges he should be allowed to proceed with his successive petition for post-conviction relief.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Indeed, ineffective assistance of prior post-conviction counsel is no longer a "sufficient reason" for filing a successive petition for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014).

In *Murphy*, the petitioner attempted to file a successive petition for post-conviction relief, asserting that her claims of ineffective assistance of trial counsel were properly before the district court because her prior post-conviction counsel had failed to properly present the claims in her initial petition for post-conviction relief or raise them in an amended petition. This assertion was based on the Court's prior holding in *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981). There, the Court had held that alleging ineffective assistance of prior post-conviction counsel may provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Id.* at 596, 635 P.2d at 960. The Court in *Murphy* determined that this was not in accord with subsequent United States Supreme Court and Idaho Supreme Court precedent and overruled *Palmer*. The Court reasoned that there is no right, statutory or otherwise, to post-conviction counsel. *Murphy*, 156 Idaho at 394-95, 327 P.3d at 370-71. *See also Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *Fields v. State*, 135 Idaho 286, 291, 17 P.3d 230, 235 (2000). Without a right to post-conviction counsel, there can be no deprivation of effective assistance of counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. *See also Coleman v. Thompson*, 501 U.S. 722, 752 (1991). As a result, a petitioner cannot demonstrate sufficient reason for filing a

3

successive petition based on alleged ineffectiveness of prior post-conviction counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371.

Here, Dixey's assertion that his ownership and alternate perpetrator claims were not presented in his initial petition for post-conviction relief or the subsequent amendments thereto is entirely based on the alleged ineffectiveness of his post-conviction counsel. Thus, under *Murphy*, Dixey cannot demonstrate a sufficient reason for failing to raise his claims in his initial petition for post-conviction relief. As a result, Dixey cannot justify filing a successive petition for post-conviction relief.

Dixey's ineffective assistance of counsel claim does not provide sufficient reason for filing a successive post-conviction petition. Accordingly, we affirm the district court's order summarily dismissing Dixey's successive petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**