IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 41022

| | | |
|---|---|---|
| DWIGHT EARL REBER, | ) | 2014 Unpublished Opinion No. 714 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 8, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Order of the district court summarily dismissing successive post-conviction petition, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dwight Earl Reber appeals from the district court's order summarily dismissing his petition for post-conviction relief. He asserts that the district court erred by failing to rule on his motion to appoint conflict counsel.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In 2001, Reber was found guilty by a jury verdict of one count of lewd conduct with a minor under sixteen, Idaho Code § 18-1508. The court imposed a unified term of sixteen years with four years determinate.

Reber appealed and this Court affirmed his judgment of conviction and sentence. Thereafter, Reber filed a petition for post-conviction relief asserting prosecutorial misconduct, errors of fact the district court would not allow him to challenge on cross-examination, and ineffective assistance of counsel. The district court dismissed his petition for post-conviction

1

relief and also denied his subsequent motion to reconsider, which was affirmed by this Court. In addition, Reber filed a federal habeas corpus petition, which was dismissed.

Reber filed a successive petition for post-conviction relief, which the district court summarily dismissed for being untimely. It considered Reber's argument that the limitation period to file his claim was tolled, but held that it did not apply in this case. The district court further held that even if the time limitation tolled, his petition should be dismissed because his claim of ineffective assistance of counsel was previously adjudicated and he failed to establish a prima facie case of actual innocence.

Reber timely appeals the order summarily dismissing his successive petition for post-conviction relief. He asserts the district court erred in failing to rule on his motion for conflict counsel.

## II.

## ANALYSIS

The district court summarily dismissed Reber's successive petition for post-conviction relief, concluding he failed to provide a sufficient reason that would allow him to file a successive petition pursuant to I.C. § 19-4908 and it was time barred under I.C. § 19-4902(a). Idaho Code sets forth the parameters for filing successive petitions for post-conviction relief. It provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Idaho Code § 19-4908.

Reber argues the district court had a duty to inquire into a potential conflict of interest when he filed a motion to dismiss the public defender and appoint conflict-free counsel after the district court filed a notice of intent to dismiss his successive petition. He contends that he had a due process right to non-conflicted counsel and a right to have his motion decided. Thus, he asserts that the district court erred in failing to rule on the motion.

In his opening brief, Reber acknowledged that he did not have a Sixth Amendment right to counsel in his successive petition for post-conviction relief. Instead, he asserted that he had a statutory right to counsel. In his reply brief, Reber acknowledged that the recent Idaho Supreme Court case of *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014) "forecloses his claim that he had a statutory right to effective assistance of counsel."[1] Thus, his claim that the duty of inquiry applies to his previously asserted statutory right to counsel fails.

In his opening brief, Reber cited to *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981), for the proposition that his claim of ineffective assistance of post-conviction counsel can present a sufficient reason to file a successive petition for post-conviction relief. From the holding in *Palmer*, Reber concluded that "the appointment of counsel carries with it the appointment of constitutionally adequate, conflict-free counsel." However, the Idaho Supreme Court expressly overruled *Palmer* in *Murphy*, holding:

> Where there is no right to counsel, there can be no deprivation of effective assistance of counsel. Therefore, we overrule *Palmer* and hold that because [petitioner] has no statutory or constitutional right to effective assistance of post-conviction counsel, [petitioner] cannot demonstrate "sufficient reason" for filing a successive petition based on ineffectiveness of post-conviction counsel.

*Murphy*, 156 Idaho at 395, 327 P.3d at 371. Reber concedes this holding precludes his claim to effective assistance of counsel.

Despite the holding in *Murphy*, Reber contends that once he was appointed counsel he was "entitled to conflict-free counsel." Reber argues:

> Finally, even if there is no statutory right to counsel in non-death penalty post-conviction actions, once the court appointed counsel, Mr. Reber was entitled to conflict-free counsel because, as set forth above, the appointment of counsel with a conflict of interest violates due process.[2] The United States Supreme Court has held that once a state creates a right that implicates a person's liberty, the individual possessing this right is entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Therefore, once the district court appointed counsel, that appointment was required to possess minimum procedures

---

[1] Reber filed his briefs while a petition for rehearing in *Murphy* was pending. The petition for rehearing has since been denied by the Idaho Supreme Court.

[2] The cases referencing a due process right are Sixth Amendment cases.

to insure that the right is not [arbitrarily] abrogated. Among those procedures is an inquiry to determine whether appointed counsel has a conflict of interest.

In his reply brief, Reber claims that "[b]y ignoring Mr. Reber's request completely, the district court denied the minimum protections afforded by the due process clause."

Reber argues that Sixth Amendment principles, which impose a duty to inquire by the court when the record demonstrates the possibility of a conflict of interest, should be applied in reviewing his claim of a conflict of interest, even though "this duty has not been expressly extended to post-conviction proceedings." While it may be that the appointment of conflicted counsel implicates due process or other abuse of discretion concerns, we need not reach the issue here. The Sixth Amendment is implicated only when the representation of counsel is adversely affected by an actual conflict of interest. An inquiry is only required "when 'the trial court knows or reasonably should know that a particular conflict exists,' which is not to be confused with when the trial court is aware of a vague, unspecified possibility of conflict." *Hall v. State*, 155 Idaho 610, 619, 315 P.3d 798, 807 (2013), (citing *Mickens v. Taylor*, 535 U.S. 162, 168-69 (2002)). In this case, Reber's allegations do not meet this threshold. Reber alleged only that his counsel "failed to communicate with him, failed to amend the petition, and failed to present additional evidence to support his claims." We note that these allegations do not suggest his counsel had an actual conflict of interest; rather, they allege ineffective assistance of counsel. This is supported by his argument in support of his own motion to withdraw and appoint conflict counsel in which he states he was "deprived of . . . effective assistance of counsel" by his attorney's deficient performance.

While the district court erred in failing to rule on Reber's motion, the error was harmless. Reber's motion did not assert any facts indicating that any conflict existed. The motion was, therefore, wholly without merit.

### III.

### CONCLUSION

The district court erred in failing to rule on Reber's motion asserting that counsel had a conflict of interest. However, the error was harmless, as Reber's motion did not assert any facts indicating any conflict of interest. The district court's order summarily dismissing Reber's successive petition is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

4