# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42009

| | | |
|---|---|---|
| ANDY GENE GALLEGOS, | ) | 2015 Unpublished Opinion No. 481 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 6, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Summary dismissal of successive petition for post-conviction relief, affirmed.

Andy Gene Gallegos, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Andy Gene Gallegos appeals from the district court's summary dismissal of his successive petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Gallegos was found guilty by a jury of two counts of sexual abuse of a child under the age of sixteen years, and he pled guilty to the persistent violator enhancement. Idaho Code §§ 18-1506 and 19-2514. The district court imposed a unified sentence of thirty years with ten years determinate for the first count of sexual abuse of a child under the age of sixteen years with the enhancement, and a concurrent unified sentence of twenty-five years with ten years determinate for the second count of sexual abuse of a child under the age of sixteen years. This Court affirmed Gallegos' judgment of conviction and sentences on direct appeal. *State v. Gallegos*, Docket No. 35324 (Ct. App. Sept. 18, 2009) (unpublished).

1

Gallegos filed his initial petition for post-conviction relief in 2010, asserting multiple claims of ineffective assistance of trial and appellate counsel. The State filed a motion for summary dismissal, which the district court granted. Gallegos' appeal of this order was later dismissed.

In 2013, Gallegos filed the instant, successive petition for post-conviction relief. Gallegos again asserted ineffective assistance of trial and appellate counsel, and also claimed that his prior post-conviction counsel failed to adequately raise his ineffective assistance of counsel claims. After providing notice, the district court summarily dismissed the petition on the ground that Gallegos failed to demonstrate a sufficient reason for filing a successive petition pursuant to I.C. § 19-4908. The district court also denied Gallegos' motion for appointment of post-conviction counsel, finding that the allegations in Gallegos' petition were frivolous and did not raise the possibility of valid claims. Gallegos timely appeals.

## II.

## ANALYSIS

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). Generally, all allegations relating to a request for post-conviction relief must be asserted in one petition. I.C. § 19-4908. A successive petition for post-conviction relief may be summarily dismissed "if the grounds for relief were finally adjudicated or waived in the previous post-conviction proceeding." *Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006) (citing I.C. § 19-4908).

A post-conviction action may not be summarily dismissed unless the petitioner has been given twenty days' notice, either by the court or by motion of the State, and an opportunity to respond before dismissal is ordered. I.C. § 19-4906(b); *State v. Christensen*, 102 Idaho 487, 489, 632 P.2d 676, 678 (1981).

Idaho Code § 19-4902(a) requires that a post-conviction proceeding be commenced by filing a petition "any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal,

2

whichever is later." If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007).

In the instant petition, Gallegos avers his appointed post-conviction counsel provided ineffective assistance. Specifically, Gallegos contends that his "sufficient reason for successive petition for post-conviction relief is due to ineffective assistance of post-conviction relief counsel for failure to raise all cognizable claims of ineffective assistance of trial counsel." When Gallegos' successive petition was filed, Idaho case law held that allegations of ineffective assistance of prior post-conviction counsel could provide a sufficient reason to permit a successive post-conviction petition. *Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981). However, that case has recently been overruled in *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014). As a result, a petitioner cannot demonstrate sufficient reason for filing a successive petition based on alleged ineffectiveness of prior post-conviction counsel. *Id.* at 395, 327 P.3d at 371. Thus, in light of *Murphy*, Gallegos cannot provide a sufficient reason for failing to raise or adequately assert these claims in his initial petition for post-conviction relief.[1] Furthermore, Gallegos' claims of ineffective assistance of trial and appellate counsel have been waived, as they should have been raised, and in fact were raised, in his first petition. *See* I.C. § 19-4908.

On appeal, Gallegos also relies on I.C. § 19-852 to argue that there is a statutory right to the appointment of counsel during post-conviction proceedings.[2] However, the Idaho Supreme

---

[1]    In his objection to the district court's notice of intent to dismiss his successive petition, Gallegos argued that the holding in *Murphy* "is contrary to clearly established Federal law as determined by the U.S. Supreme Court and the Ninth Circuit." In dismissing his petition, the district court correctly determined that the cases Gallegos relied on have no application to his state law claim. Gallegos does not challenge this determination on appeal.

[2]    It appears that Gallegos is relying on section (2)(c), which provides that an indigent person who is entitled to be represented by an attorney is entitled:

    To be represented in any other post-conviction or post-commitment proceeding
    that the attorney or the indigent person considers appropriate, *unless* the court in
    which the proceeding is brought determines that it is not a proceeding that a

3

Court has repeatedly held that there is no statutory right to post-conviction counsel; rather, the district court has discretion to grant or deny a request for court-appointed counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371; *Eby v. State*, 148 Idaho 731, 738, 228 P.3d 998, 1005 (2010); *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Fields v. State*, 135 Idaho, 286, 291, 17 P.3d 230, 235 (2000); *see* I.C. § 19-4908. In this case, the district court, in its discretion, denied Gallegos' request for the appointment of post-conviction counsel, finding that the allegations in Gallegos' petition were frivolous and did not raise the possibility of valid claims.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Gallegos' successive petition for post-conviction relief, having determined that he has failed to demonstrate a sufficient reason for filing a successive petition. Further, the district court did not err in denying Gallegos' motion for appointment of counsel. Accordingly, we affirm the district court's order summarily dismissing Gallegos' petition for post-conviction relief.

Chief Judge MELANSON and Judge LANSING **CONCUR.**

---

reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding.

I.C. § 19-852(2)(c) (emphasis added).