**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42927**

| | | |
|---|---|---|
| **CODY MILLER WILLIAMS,** | ) | **2016 Unpublished Opinion No. 451** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 25, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Cody Miller Williams, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Cody Miller Williams appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. In 2007, Williams was convicted of delivery of a controlled substance. He appealed his conviction and this Court affirmed. *State v. Williams*, Docket No. 36885 (Ct. App. July 6, 2011) (unpublished). Williams then filed a petition for post-conviction relief, which the district court summarily dismissed.

In 2014, Williams filed the pro se successive petition for post-conviction relief that is at issue in this appeal. His petition asserted only one claim: ineffective assistance of post-conviction counsel. The district court provided Williams with notice of its intent to dismiss, finding that "such a claim is not an actionable basis for relief," but also that Williams did not provide admissible evidence to support his claim and that his successive petition was untimely.

1

Three months later, after receiving no additional submissions from Williams, the court summarily dismissed his petition.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

The court did not err when it found that Williams' claim of ineffective assistance of post-conviction counsel did not entitle him to post-conviction relief. There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). Thus, Williams' assertion that his post-conviction counsel was ineffective for failing to amend his initial post-conviction petition is barred by *Murphy*. To the extent that Williams argues that he is entitled to relief because a conflict existed between himself and his post-conviction counsel, such a claim would also be insufficient as Williams had no constitutional or statutory right to *any* counsel. *Id.* Because this issue is dispositive, we need not address the other bases for the court's decision. The district court's order summarily dismissing Williams' successive petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.