**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44294**

| | | |
|---|---|---|
| **DEREK WAYNE LEWIS,** | ) | **2017 Unpublished Opinion No. 453** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 2, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order summarily dismissing second successive petition for post-conviction relief, <u>affirmed</u>.

Derek Wayne Lewis, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Derek Wayne Lewis appeals from the district court's order summarily dismissing Lewis's second successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Lewis pled guilty to second degree murder. Lewis did not file a direct appeal of this conviction. Lewis filed a post-conviction petition in January 2010 and a successive post-conviction petition in January 2015, both of which were summarily dismissed by the district court. He did not appeal those dismissals.

In October 2015, Lewis filed a second successive post-conviction petition. The district court appointed counsel to represent Lewis in the proceeding. Through appointed counsel,

1

Lewis filed an amended petition which contained the following four claims: (1) trial counsel was ineffective for failing to adequately argue a motion to suppress evidence; (2) trial counsel was ineffective for failing to request a psychological evaluation prior to sentencing; (3) post-conviction counsel was ineffective for failing to appeal the district court's dismissal of the initial post-conviction petition; and (4) post-conviction counsel was ineffective for failing to defend against the State's motion for summary dismissal of the initial post-conviction petition.

The district court filed a notice of intent to dismiss the amended second successive post-conviction petition. The court set forth four grounds for dismissal: (1) Lewis failed to establish sufficient reasons why his claims were not raised previously; (2) the petition was untimely; (3) the petition was not properly verified; and (4) Lewis failed to present a prima facie case demonstrating he was entitled to relief on any of his claims.

In response, Lewis filed a new, properly verified, amended petition. Apart from being verified, the second amended petition was identical to the previously filed amended petition. The district court accepted the verified second amended petition, but summarily dismissed it on the other three grounds indicated in its notice of intent to dismiss. Lewis timely appeals.

## II.

## ANALYSIS

Lewis argues the district court erred in summarily dismissing the second successive petition for post-conviction relief. Specifically, Lewis argues that because he instructed his appointed post-conviction counsel for his initial post-conviction petition to appeal the district court's summary dismissal, and because that counsel failed to do as instructed, Lewis's current summary dismissal should be set aside. Essentially, Lewis argues that the district court should consider the merits of the second successive post-conviction petition because Lewis's initial post-conviction counsel was ineffective for failing to appeal the summary dismissal of Lewis's initial petition.

As a preliminary matter, Lewis does not challenge any of the other three grounds relied upon by the district court in summarily dismissing Lewis's second successive post-conviction petition. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Therefore, we limit our consideration to the argument advanced by Lewis in his appellate briefing.

Lewis cites two cases to support his argument that he is entitled to relief, neither of which is applicable to the facts of his case. The cases Lewis cites generally involve a defendant's right to effective assistance of counsel on direct appeal from a conviction. *See Halbert v. Michigan*, 545 U.S. 605, 617 (2005); *Manning v. Foster*, 224 F.3d 1129, 1132 (9th Cir. 2000). While we have previously held that it may constitute ineffective assistance for an attorney to disregard specific instructions from a defendant regarding the filing of a notice of direct appeal, we have never extended this holding to a defendant's instruction regarding the appeal of a post-conviction petition. *See Beasley v. State*, 126 Idaho 356, 360, 883 P.2d 714, 718 (Ct. App. 1994).

It is well-established in Idaho that there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014). Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Id.* at 395, 327 P.3d at 371. For this reason, Lewis is not entitled to consideration of the merits of his second successive post-conviction petition on the basis that his initial post-conviction counsel was ineffective for failing to appeal the dismissal of Lewis's initial petition.

### III.

### CONCLUSION

Lewis has not asserted a legitimate basis establishing that the district court erred in summarily dismissing his petition. Accordingly, we affirm the district court's order summarily dismissing Lewis's second successive petition for post-conviction relief.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

3