**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46897**

| | |
|---|---|
| MARK DOUGLAS HUBER, | ) |
| | ) **Filed: August 21, 2020** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott L. Wayman, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Mark Douglas Huber, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Mark Douglas Huber appeals from the judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2011, Huber was found guilty of rape and lewd conduct with a minor under sixteen. Huber was sentenced to concurrent, unified terms of thirty years, with minimum periods of confinement of fifteen years.[1] This Court affirmed Huber's sentences and the denial of his

_____

[1]     Huber was originally sentenced to concurrent thirty-year terms, with minimum periods of confinement of ten years. After the State moved to correct Huber's sentences under I.C.R. 35, however, the trial court corrected Huber's sentences to comply with sentencing enhancements for Huber's previous sex offense against a minor.

1

I.C.R. 35 motion for reduction of sentences. *State v. Huber*, Docket No. 39222 (Ct. App. Apr. 27, 2015).

Prior to the conclusion of his direct appeal, Huber filed a petition for post-conviction relief. The district court stayed the post-conviction proceeding pending resolution of Huber's direct appeal. After the remittitur issued from his direct appeal, Huber filed an amended petition. The amended petition alleged various grounds for relief, including alleged constitutional violations; claims of ineffective assistance of counsel; and a newly discovered evidence claim. The district court lifted the stay, appointed counsel for Huber, and granted funds for a DNA expert. Although the district court granted Huber two extensions of time to obtain an affidavit or verified report from a DNA expert, Huber failed to do so during the twenty-one months that elapsed before the State sought summary disposition of Huber's petition. Ultimately, the district court summarily dismissed Huber's petition, concluding that it contained only conclusory allegations lacking factual foundation and procedurally barred claims.

After the district court entered judgment summarily dismissing the petition, Huber filed a motion for reconsideration of the summary dismissal order and a pro se combined second motion for reconsideration, motion to alter or amend the judgment under I.R.C.P. 59(e), and motion for relief from judgment under I.R.C.P. 60(b). The combined motion was accompanied by an affidavit from a DNA expert criticizing the DNA testing and results used in the underlying criminal case. The district court denied both motions. Huber appeals.

## II.

## ANALYSIS

Huber raises sixteen "issues" on appeal.[2] The first ten of these issues, however, do not address a decision by the district court in Huber's post-conviction proceeding. Rather, the ten issues focus on alleged errors or constitutional violations in the underlying criminal case. Specifically, Huber argues that he is "factually innocent," that various acts and omissions by his

---

[2] Although Huber filed a timely amended notice of appeal after the denial of his second round of post-judgment motions, Huber's list of issues presented for review does not contain an issue expressly relating to the denial of either motion. Moreover, the body of Huber's appellant's brief neither identifies the applicable standard of review nor explains how the district court erred by denying Huber's post-judgment motions.

2

trial counsel constitute ineffective assistance, that the prosecutor engaged in various forms of prosecutorial misconduct, and that his due process and speedy trial rights were violated.[3] Although Huber dedicates much of his appellant's brief to developing these issues, the discussion fails to specify the applicable standard of review on appeal, contains no citations to the record of this case,[4] and identifies no specific legal or evidentiary errors by the district court in this case. The manner in which Huber frames the discussion of his first ten issues resembles the presentation of original claims for relief to be adjudicated in the first instance by the trial court. In essence, Huber appears to seek a complete reevaluation of these claims by this Court, not review of a specific error by the district court.

Even if we construed Huber's first ten issues as challenges to the summary dismissal of his petition for post-conviction relief, the challenges (which lack specific reference to legal or evidentiary errors) would amount to only a general attack on the findings and conclusions supporting the district court's summary dismissal determination. Appellate courts will not consider such general challenges to a trial court's findings and conclusions. *See PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018). Consequently, Huber's first ten issues are deemed waived.

Unlike the ten issues described above, in his list of issues on appeal Huber does identify six issues relating to decisions by the district court in this case. Specifically, Huber argues that the district court abused its discretion by not taking judicial notice of certain portions of the underlying criminal case, not accepting all of Huber's pro se filings when he was represented by counsel, denying him appointed counsel on appeal, issuing a "final ruling without giving [him] the chance to refute the [State's] bogus case law," and denying him a new trial. Additionally, Huber generally asserts that the district court erred in summarily dismissing his petition for post-conviction relief

---

[3]     The speedy trial and double jeopardy issues are not enumerated in Huber's list of issues presented on appeal. The body of Huber's appellant's brief, however, addresses both issues.

[4]     Although Huber's brief contains references to "this record" and apparent citations to transcripts and exhibits, these citations fail to identify whether or where these documents can be found in the clerk's record on appeal.

because he "presented substantial evidence of several valid claims."[5] Huber's appellant's brief, however, contains neither cogent argument nor citation to legal authority in support of the five issues alleging an abuse of discretion. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, those five issues are waived.[6]

The issue of whether Huber presented "substantial evidence of several valid claims" is also not expressly developed in the body of Huber's brief. Even if we construe Huber's arguments related to his ineffective assistance, prosecutorial misconduct, due process, and speedy trial claims as supporting his contention that his petition asserted viable post-conviction claims, Huber's argument that the district court erred by summarily dismissing his petition would still fail. As discussed above, Huber's arguments related to his claims of ineffective assistance, prosecutorial misconduct, due process, and speedy trial violations are insufficient to preserve those issues for review. Consequently, those arguments are also insufficient to support Huber's contention that the district court erred in summarily dismissing his petition. Accordingly, that issue is also deemed waived for lack of cogent argument and citation to legal authority.

---

[5]    Huber's reply brief contains allegations and legal argument that his post-conviction counsel was ineffective. We will not consider these arguments because they were not presented in Huber's opening brief. *See Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 323, 297 P.3d 1134, 1140 (2013). Even if these arguments were presented in Huber's opening brief, they would be unavailing because petitioners in a post-conviction action do not have a right to effective assistance of counsel. *See Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014).

[6]    Huber argues that he should not be required to cite applicable case law because he is an inmate without appointed counsel. Pro se litigants, like Huber, are held to the same standard as those represented by counsel. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). We will not entertain issues unsupported by cogent argument and legal authority. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Moreover, that Huber was able to cite relevant authority relating to other issues contained in his brief belies any argument that his incarceration deprived him of access to Idaho legal authorities. Accordingly, we reject Huber's argument that he should be excused from the requirements of Idaho's standards of appellate review.

### III.

### CONCLUSION

Huber has presented only general challenges to the district court's findings and conclusions and issues unsupported by cogent arguments and legal authority. Consequently, the issues he has raised on appeal are waived and will not be considered. Accordingly, the district court's judgment summarily dismissing Huber's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.