**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42683**

| | |
|---|---|
| OMAR ESCOBEDO, | ) 2017 Unpublished Opinion No. 359 |
| | ) |
| Petitioner-Appellant, | ) Filed: February 7, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| STATE OF IDAHO, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Respondent. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Judgment dismissing post-conviction petition, affirmed.

Omar Escobedo, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Omar Escobedo appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. Escobedo raises three issues on appeal. First, Escobedo argues the district court erred in summarily dismissing his successive post-conviction petition because newly discovered evidence existed. Second, Escobedo argues his successive post-conviction counsel was ineffective. Finally, Escobedo argues he was constructively denied his right to effective assistance of counsel because ineffective assistance of counsel claims must be brought in post-convictions proceedings and because Idaho removed prison law libraries. The State argues because Escobedo did not challenge all the bases for the district court's ruling on appeal, this Court may affirm the district court's decision on the unchallenged bases. Additionally, the State asserts Escobedo's ineffective assistance of successive post-conviction counsel claim and his constructive denial of counsel claim are not properly before this Court. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, a jury convicted Escobedo of one count of lewd conduct with a child under the age of sixteen, Idaho Code Section 18-1508, and one count of sexual abuse of a child under the age of sixteen, I.C. § 18-1506. Escobedo pleaded guilty to a sentencing enhancement, I.C. § 19-2520G. The district court sentenced Escobedo to a unified life sentence, with fifteen years determinate, for lewd conduct with a child under sixteen, and a unified sentence of twenty-five years, with fifteen years determinate, for sexual abuse of a child under sixteen.

Escobedo appealed the judgment of conviction. In an unpublished opinion, this Court affirmed the judgment of conviction. *State v. Escobedo*, Docket No. 37050 (Ct. App. May 31, 2011). In February 2012, Escobedo filed a timely petition for post-conviction relief. Escobedo raised a claim that his sentence exceeded the statutory maximum and numerous claims of ineffective assistance of trial and appellate counsel. The State filed a motion for summary dismissal. The district court summarily dismissed all of Escobedo's claims, except his claim regarding the length of his sentence. The district court dismissed the other claims because Escobedo failed to provide admissible evidence to support his claims.

Escobedo only appealed one of the summarily dismissed claims. This Court affirmed the district court's summary dismissal in *Escobedo v. State*, Docket No. 40276 (Ct. App. Oct. 18, 2013) (unpublished). While Escobedo's initial post-conviction appeal was pending, Escobedo filed a pro se successive post-conviction petition. Escobedo again raised numerous claims of ineffective assistance of trial and appellate counsel. Escobedo also raised claims of ineffective assistance of initial post-conviction counsel. Escobedo was appointed counsel, but appointed counsel did not file an amended successive petition.

The State filed a motion for summary dismissal of the successive post-conviction petition. Later, the State filed an amended motion for summary dismissal based on *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014). The district court summarily dismissed Escobedo's successive petition on three alternative bases. First, the district court held the claims raised and asserted in Escobedo's successive petition were barred by res judicata because they were previously raised and adjudicated in the initial post-conviction petition. Second, the district court held the claims could have been raised in the initial petition, but were not, and Escobedo did not present sufficient reason as to why those claims were not raised in his initial petition.

2

Third, the district court dismissed Escobedo's ineffective assistance of post-conviction counsel claims pursuant to *Murphy* because ineffective assistance of post-conviction counsel is not a sufficient reason under I.C. § 19-4908 for allowing a successive petition.

Escobedo timely appeals from the district court's summary dismissal of his successive post-conviction petition.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rules of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715

3

P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

4

**ANALYSIS**

The district court properly dismissed Escobedo's successive post-conviction petition because his ineffective assistance of trial, appellate, and first post-conviction counsel claims were barred by res judicata, and Escobedo's claim of ineffective assistance of successive post-conviction counsel is not a sufficient reason for filing a successive petition under *Murphy*. We do not address Escobedo's constructive denial of counsel claim on appeal because it was not raised below.

**A.     The District Court Did Not Err in Dismissing Escobedo's Claims Based on Res Judicata**

Escobedo argues the district court erred in summarily dismissing his successive petition when newly discovered evidence raised a genuine issue of material fact regarding his claims of ineffective assistance of trial, appellate, and first post-conviction counsel. The State argues Escobedo did not argue or allege a newly discovered evidence claim in his successive petition, but rather, alleged a claim that trial counsel failed to present bank records, which he asserts would prove his innocence, at trial or during his first or second post-conviction proceedings. The State asserts this Court should affirm the district court's dismissal of this claim because Escobedo has not challenged either of the alternative bases for the district court's ruling; first, that the issue was barred by res judicata because it was raised in the first post-conviction petition, and second, the claim was barred by the holding in *Murphy*.

The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). In Escobedo's initial petition, he raised a claim of ineffective assistance of trial counsel, and specified in his affidavit that trial counsel was ineffective for failing to introduce evidence of his credit card receipts and bank records; the claim was summarily dismissed. In Escobedo's successive petition, he again raised a claim of ineffective assistance of trial counsel for failing to introduce the evidence of his credit card receipts and bank records. As Escobedo's ineffective assistance of counsel claim was raised and adjudicated in his initial petition, the district court properly found the same claim raised in Escobedo's successive petition was barred by res judicata.

Moreover, Escobedo did not challenge the district court's alternative ruling that, to the extent Escobedo asserted new claims in his successive petition that were not previously

adjudicated, these claims were barred by I.C. § 19-4908 because Escobedo failed to present a sufficient reason explaining why the claims were not raised in his initial petition. Escobedo also did not challenge the district court's other alternative basis for dismissing the claim--that Escobedo's ineffective assistance of post-conviction counsel claims were not a sufficient reason for a successive petition under *Murphy*. When the basis for a trial court's ruling is not challenged on appeal, an appellate court will affirm on the unchallenged basis. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998). Thus, the district court did not err in summarily dismissing Escobedo's claim of ineffective assistance of counsel for failing to present credit card receipts and bank records because the claim was barred by res judicata and Escobedo failed to challenge the district court's alternative rulings on appeal.

## B. Escobedo Failed to Show Ineffective Assistance of Successive Post-Conviction Counsel

For the first time on appeal, Escobedo asserts a claim of ineffective assistance of successive post-conviction counsel. Escobedo argues he was not able to have his successive post-conviction petition claims addressed on the merits because he was abandoned by successive post-conviction counsel. As a result, he claims he is now prejudiced in his attempt to gain habeas corpus relief. Escobedo cites to *Maples v. Thomas*, 566 U.S. 266 (2012) to support his claim that but for successive counsel's abandonment, the district court would not have summarily dismissed Escobedo's successive petition. The State argues Escobedo did not raise his claim of ineffective assistance of successive post-conviction counsel below so his claim is not preserved for appeal.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Escobedo raises his ineffective assistance of successive post-conviction counsel claim for the first time on appeal. Regardless, Escobedo's reliance on *Maples* to support his claim of abandonment is misplaced. In *Maples*, the United States Supreme Court held there was good cause to excuse procedural default in a federal habeas proceeding when the procedural default occurred as a result of court-appointed post-conviction counsel abandoning the petitioner in a capital post-conviction proceeding. *Maples*, 566 U.S. at 289. Here, Escobedo claims his successive post-conviction counsel abandoned him after filing a successive post-conviction petition. Unlike *Maples*, Escobedo's successive petition was not summarily dismissed as a result of successive post-conviction

counsel's actions or inactions after the petition was filed, but rather because Escobedo could not establish good cause for the filing of his successive post-conviction petition in the first instance.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Murphy*, 156 Idaho at 394, 327 P.3d at 370. Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Id*. at 395, 327 P.3d at 371.

Here, Escobedo argues his successive post-conviction counsel was ineffective because counsel failed to file an amended successive post-conviction petition, failed to communicate with Escobedo, and failed to conduct a proper investigation into bank records and credit card transactions to properly present a newly discovered evidence claim in order to defeat summary dismissal. Like in *Murphy*, Escobedo's claims of ineffective assistance of post-conviction counsel cannot demonstrate a sufficient reason for filing a successive petition. Escobedo claims he had to file a successive post-conviction petition because his first post-conviction counsel was ineffective. That argument was squarely rejected by the *Murphy* Court. *Id.* Escobedo has not provided any basis to justify the filing of the petition in the first instance; what his attorney did or did not do thereafter is irrelevant. Thus, because Escobedo cannot justify the filing of his successive post-conviction petition, we affirm the district court's summary dismissal.

**C.    We Will Not Consider Escobedo's Constructive Denial of Counsel Argument for the First Time on Appeal**

For the first time on appeal, Escobedo argues he was constructively denied his right to assistance of counsel because ineffective assistance of counsel claims must be brought in post-conviction proceedings and because Idaho removed prison law libraries. Generally, issues not raised below may not be considered for the first time on appeal. *Fodge*, 121 Idaho at 195, 824 P.2d at 126. In Escobedo's successive petition, although he raised numerous claims of ineffective assistance of trial, appellate, and post-conviction counsel, he did not raise a constructive denial of counsel claim. Because Escobedo did not raise this issue below, we will not address this claim for the first time on appeal.

7

## IV.
## CONCLUSION

The district court did not err in summarily dismissing Escobedo's claims because the claims were barred by res judicata and Escobedo failed to challenge the district court's alternative rulings on appeal. Escobedo failed to show ineffective assistance of successive post-conviction counsel. We do not address Escobedo's constructive denial of counsel claim because it was raised for the first time on appeal. Accordingly, we affirm the district court's judgment summarily dismissing Escobedo's successive petition for post-conviction relief.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.