**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43750**

| | | |
|---|---|---|
| **ALESHA ANN GREEN,** | ) | **2016 Opinion No. 48** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: July 6, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Alesha Ann Green appeals from the district court's judgment dismissing her petition for post-conviction relief. For the reasons set forth below, we affirm.

In the underlying criminal case, Green was represented by counsel from the county public defender's office. Green was found guilty by a jury of two counts of trafficking in methamphetamine. This Court affirmed Green's sentences in an unpublished opinion. *State v. Green*, Docket No. 42452 (Ct. App. May 28, 2015). Green filed a petition for post-conviction relief asserting ineffective assistance of trial counsel, among other claims. Green was appointed post-conviction counsel from the same office. The order appointing counsel stated that, because the petition for post-conviction relief "includes an allegation of ineffective assistance of trial

1

counsel," the public defender "may choose to appoint conflict counsel." At a status conference, the following exchange occurred between the district court and Green's post-conviction counsel:

> COURT: And, [post-conviction counsel], are you appearing on behalf of [Green]?
> COUNSEL: I am, Your Honor.
> COURT: All right. So you have not actually sent that out for conflict counsel? And I assume that's because you were not the trial attorney.
> COUNSEL: That's what my boss tells me, Your Honor.
> COURT: All right.

Green, through post-conviction counsel, filed an amended petition for post-conviction relief. Green asserted that trial counsel failed to call several witnesses on her behalf, did not appear for the sentencing hearing, failed to research and present exculpatory evidence, did not properly interrogate witnesses, and failed to fully explain a plea offer from the state. After providing notice of its intent to dismiss the petition, to which Green did not reply, the district court dismissed Green's petition. Green appeals.

Green alleges that the district court erred when it failed to adequately address the potential conflict of interest resulting from Green being represented by counsel from the county public defender's office when making a post-conviction claim of ineffective assistance of trial counsel regarding another attorney from the same office. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneaud*, 140 Idaho at 793, 102 P.3d at 1112. If a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Id.*

In this case, the district court exercised its discretion to appoint Green post-conviction counsel. However, Green alleges the counsel who was assigned had a conflict of interest. The threshold issue here is whether Green had a right to conflict-free post-conviction counsel. Green

cites to several cases holding that a criminal defendant has a Sixth Amendment right to conflict-free counsel. Green acknowledges that the Sixth Amendment right to counsel does not apply in a post-conviction case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, Green argues that, "by analogy to the constitutional standard, and to preserve [Green's] opportunity to work with post-conviction counsel," a district court "should inquire into potential conflicts of interest in post-conviction matters."

This Court is not persuaded by Green's analogy to the Sixth Amendment and related case law given the United States Supreme Court's explicit holding that the Sixth Amendment right to counsel does not apply in post-conviction cases. A petitioner is entitled to conflict-free and effective counsel only when he or she has a constitutional or statutory *right* to counsel. *See Hall v. State*, 155 Idaho 610, 616, 315 P.3d 798, 804 (2013). A petitioner is not entitled to conflict-free or effective counsel when the trial court has discretion to appoint counsel, as in noncapital post-conviction proceedings. *See Murphy v. State*, 156 Idaho 389, 394-95, 327 P.3d 365, 370-70 (2014). Green had no constitutional or statutory right to counsel in her post-conviction proceedings. Accordingly, Green was not entitled to conflict-free post-conviction counsel. Thus, the district court's judgment dismissing Green's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.