**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44005**

| | | |
|---|---|---|
| **JASON WARD,** | ) | **2017 Unpublished Opinion No. 408** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 20, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Jason Ward, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jason Ward appeals from the district court's judgment summarily dismissing Ward's petition for post-conviction relief following his conviction of rape after a jury trial. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the early morning hours, a female called 911 and reported that she had been raped. She identified Ward as the perpetrator. The State charged Ward with rape and alleged that he was a persistent violator. Ward entered into an Idaho Criminal Rule 11 plea agreement, agreeing to plead guilty to the rape charge. In exchange, the State agreed to dismiss the persistent violator allegations and recommend the imposition of a specific sentence. Prior to sentencing, Ward substituted counsel and filed a motion to withdraw the guilty plea. The district court granted Ward's motion, finding that Ward relied on a misstatement of law from his original attorney. The case then proceeded to a jury trial. The jury found Ward guilty of rape and of being a

1

persistent violator. Ward appealed his conviction, which this Court affirmed in an unpublished opinion. *State v. Ward*, Docket No. 40467 (Ct. App. Jul. 17, 2014).

Ward then filed a pro se petition for post-conviction relief. Ward filed a motion for the appointment of post-conviction counsel, which the district court granted. With the assistance of counsel, Ward filed an amended post-conviction petition. In this petition, Ward raised five claims of ineffective assistance of trial counsel and a claim of cumulative error. After filing the amended post-conviction petition, Ward filed a pro se motion for appointment of conflict-free counsel. The State filed a motion for summary dismissal of Ward's amended post-conviction petition. After holding a hearing on the State's motion, but without ruling on Ward's motion for conflict-free counsel, the district court summarily dismissed Ward's post-conviction petition in its entirety. The court found that Ward had failed to meet his burden of showing that counsel was deficient and that the cumulative error doctrine did not apply.

Ward timely appealed the court's dismissal, and the district court appointed counsel to represent Ward on his appeal. Counsel later withdrew from representation on the basis that the opening brief would not comply with Idaho Appellate Rule 11.2(a). Ward now proceeds on appeal pro se.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must

2

present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

3

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Here, Ward raises three issues. First, he argues the district court erred in dismissing the petition for post-conviction relief claim of newly discovered evidence. Second, Ward argues the district court erred by ignoring Ward's motion for appointment of conflict-free counsel on his post-conviction petition. Finally, Ward argues the cumulative error doctrine justifies reversal.

## A. Newly Discovered Evidence

Ward's first assertion is that the district court erred in dismissing his claim of newly discovered evidence. In his first post-conviction petition, prior to being appointed counsel, Ward claimed that counsel was ineffective for refusing to put witnesses on the stand against whom the victim had previously made similar rape accusations. Then, in Ward's amended petition, after being appointed counsel, Ward alleged that trial counsel was ineffective for failing to "fully investigate Lane Buddenhagen as a potential witness . . . to testify about prior sexual conduct of the victim."

Now, for the first time on appeal, Ward asserts that the district court erred in denying Ward's claim of newly discovered evidence. However, the claim of newly discovered evidence was never presented to the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Further, pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Because Ward's claim of newly discovered evidence was never considered by the district court, we decline to consider Ward's argument for the first time on appeal.

Moreover, to the extent that Ward argues that post-conviction counsel was ineffective for failing to present this claim to the district court, this argument lacks merit. There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief

4

proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014).

**B.     Post-Conviction Counsel**

Ward next argues that the district court erred by not ruling on Ward's motion for appointment of conflict-free post-conviction counsel. Even if we were to assume error in the district court's failure to decide Ward's motion, we are convinced that such error is harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005) (holding that error is not reversible unless it is prejudicial).

It is well established in Idaho that post-conviction petitioners have no constitutionally or statutorily protected right to the effective assistance of counsel in post-conviction relief proceedings. *Murphy*, 156 Idaho at 394, 327 P.3d at 370. Such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Id.* Accordingly, petitioners are not entitled to conflict-free post-conviction counsel. *Green v. State*, 160 Idaho 657, 658, 377 P.3d 1120, 1121 (Ct. App. 2016). Thus, even assuming that the district court's failure to rule on Ward's motion was error, such error was harmless.

**C.     Cumulative Error**

Finally, Ward argues that the district court erred in dismissing Ward's claim of cumulative error. In his amended post-conviction petition, Ward alleged that the cumulative effect of errors by trial counsel constituted sufficient ineffective assistance to warrant relief. In dismissing Ward's five claims of ineffective assistance of counsel, the district court found that Ward had failed to allege sufficient facts to show that trial counsel was deficient. Thus, the district court dismissed Ward's claim of cumulative error, finding that in the absence of a single established error, the cumulative error doctrine did not apply.

Although this Court has recognized the doctrine of cumulative error, a necessary predicate to application of the doctrine is a finding of error in the first instance. *Stevens v. State*, 156 Idaho 396, 421, 327 P.3d 372, 397 (Ct. App. 2013). On appeal, Ward assigns error to the district court by referencing "a series of errors" that, "in the aggregate, show an absence of a fair proceeding." Ward does not specifically challenge the district court's findings as to any of the five claims of ineffective assistance. Thus, we conclude that Ward's generalized assertion of error is insufficient to contest the district court's finding that the cumulative error doctrine did not apply. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997)

5

(holding a party waives an issue on appeal if either argument or authority is lacking). Ward has not shown that the district court erred in dismissing Ward's claim of cumulative error.

## III.

## CONCLUSION

Ward has not met his burden of showing that the district court erred in summarily dismissing Ward's petition for post-conviction relief. The judgment of the district court is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.