IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40751

ERNESTO GARZA LOPEZ,               )
                                   )      2014 Opinion No. 89
        Petitioner-Appellant,      )
                                   )      Filed: October 22, 2014
v.                                 )
                                   )      Stephen W. Kenyon, Clerk
STATE OF IDAHO,                    )
                                   )
        Respondent.                )
                                   )

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. James C. Morfitt, District Judge.

Order summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Robyn Fyffe of Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Ernesto Garza Lopez appeals from the district court's summary dismissal of his successive petition for post-conviction relief. Specifically, he argues the district court erred in denying his motion for enlargement of time to respond to its notice of intent to dismiss. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2006, Lopez pled guilty to felony domestic battery. I.C. §§ 18-903(b), 18-918(2). The district court imposed a unified sentence of ten years, with a minimum period of confinement of six years. Lopez filed an I.C.R. 35 motion, which the district court denied. On appeal, this Court affirmed the denial of the I.C.R. 35 motion in an unpublished opinion. *State v. Lopez*, Docket No. 33362 (Ct. App. Aug. 17, 2007). In July 2007, Lopez filed a pro se petition for post-conviction relief. Lopez alleged his guilty plea was not knowing, intelligent, or voluntary and

1

that his attorney provided ineffective assistance of counsel by coercing his guilty plea. The district court appointed post-conviction counsel. However, appointed counsel indicated she would not file an amended petition because she believed (incorrectly) that Lopez's original pro se petition was untimely. The state filed an answer and moved for summary dismissal.

The district court held a hearing where the parties and district court acknowledged that Lopez's petition was timely filed. The district court continued the matter and Lopez filed a complaint against his counsel with the Idaho State Bar Association. The attorney withdrew, and the district court appointed Lopez new counsel. The new attorney withdrew, and the district court appointed a third attorney. The district court held a hearing on the state's motion for summary dismissal. Counsel for Lopez appeared and argued against the motion. The district court granted the state's motion and summarily dismissed Lopez's petition. This Court affirmed the dismissal on appeal in an unpublished opinion. *State v. Lopez*, Docket No. 37206 (Ct. App. Mar. 11, 2011).

In March 2012, Lopez filed a successive petition for post-conviction relief. Lopez asserted his guilty plea was not knowing, intelligent, and voluntary and that his attorney in the criminal case provided ineffective assistance in relation to the plea. Lopez further asserted his post-conviction attorney provided ineffective assistance by failing to discern this allegedly invalid plea and that this was a sufficient reason for bringing a successive petition. On April 11, 2012, the district court appointed counsel to pursue the successive petition. On April 16, 2012, the district court issued a notice of intent to summarily dismiss Lopez's successive petition as being untimely and asserting an improper basis for a successive petition. The district court provided Lopez twenty days to respond. Twenty-three days later, Lopez filed a pro se motion for enlargement of time to respond. Lopez articulated problems with his appointed counsel and, as a result, indicated he desired additional time to respond to the notice pro se. Lopez also indicated he planned to request substitute counsel. The district court entered an order striking the pro se filing and summarily dismissing the successive petition. With respect to the pro se motion for enlargement of time, the district court noted that the motion did not contain any facts, authority, or good cause challenging the district court's determination that Lopez's claims were barred by the statute of limitation in I.C. § 19-4902(a) and barred by I.C. § 19-4908. The district court then stated that, because Lopez was represented by counsel, it was striking the motion and the supporting affidavit. The district court entered a judgment of dismissal. Lopez appeals.

2

## II.

## ANALYSIS

Lopez argues the district court erred by striking his pro se motion instead of addressing his request for new counsel and allowing additional time to address the notice of intent to dismiss. The state responds that Lopez has failed to demonstrate the district court abused its discretion in striking the motion.

We need not address the merits of these arguments because the "sufficient reason" upon which Lopez relies for bringing a successive petition for post-conviction relief under the authority of I.C. § 19-4908 is that he received ineffective assistance of counsel in his first post-conviction proceeding. While Lopez's case was pending, the Idaho Supreme Court determined that ineffective assistance of post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014). In *Murphy*, the petitioner attempted to file a successive petition for post-conviction relief, asserting that her claims of ineffective assistance of trial counsel were properly before the district court because her previous post-conviction attorneys had failed to properly present the claims in her initial petition for post-conviction relief or raise them in an amended petition. Murphy's argument relied on the Court's prior holding in *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981). In *Palmer*, the Court had held that alleging ineffective assistance of prior post-conviction counsel may provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Id.* at 596, 635 P.2d at 960. The Court in *Murphy* determined that this was not in accord with subsequent United States Supreme Court and Idaho Supreme Court precedent and overruled *Palmer*. The Court reasoned that there is no right, statutory or otherwise, to post-conviction counsel. *Murphy*, 156 Idaho at 394-95, 327 P.3d at 370-71. *See also Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *Fields v. State*, 135 Idaho 286, 291, 17 P.3d 230, 235 (2000). Without a right to post-conviction counsel, there can be no deprivation of effective assistance of counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. *See also Coleman v. Thompson*, 501 U.S. 722, 752 (1991). As a result, a petitioner cannot demonstrate sufficient reason for filing a successive petition based on ineffectiveness of prior post-conviction counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371.

Following the Idaho Supreme Court's decision in *Murphy*, Lopez filed supplemental briefing attempting to provide an alternative sufficient reason to allow his successive petition in this case, as he initially relied on claims of ineffective assistance of his post-conviction counsel. Specifically, he asserted that the manner in which his several post-conviction attorneys neglected his case was so egregious that it presented unique and compelling circumstances qualifying as sufficient reason to bring a successive petition under I.C. § 19-4908. He relies on the Idaho Supreme Court's prior holding in *Eby v. State*, 148 Idaho 731, 228 P.3d 998 (2010) for support of this assertion, which he argues stands for the proposition that "the absence of any meaningful representation must present a sufficient reason under I.C. § 19-4908."

Lopez's reliance on *Eby* is misplaced. In *Eby*, the petitioner's case received "shocking and disgraceful neglect" by a series of attorneys appointed to represent him. *Eby*, 148 Idaho at 732, 228 P.3d at 999. The petitioner's third appointed attorney filed a motion pursuant to I.R.C.P. 60(b) to set aside a previous dismissal for inactivity pursuant to I.R.C.P. 40(c). On appeal, the Idaho Supreme Court noted that a petitioner could not claim ineffective assistance of counsel in a post-conviction proceeding, as there is no constitutional right to counsel in such proceedings. *Eby*, 148 Idaho at 737, 228 P.3d at 1004. However, the Court recognized that the Uniform Post-Conviction Procedure Act is the exclusive means for challenging the validity of a conviction or sentence other than by direct appeal. *Id.* As a result, the Court concluded that, given the unique status of a post-conviction proceeding and the complete absence of meaningful representation, the case possibly presented the "unique and compelling circumstances" in which Rule 60(b)(6) relief was potentially warranted. *Eby*, 148 Idaho at 737, 228 P.3d at 1004. The Court then vacated and remanded the case to the trial court to use its discretion to determine if Eby should be granted relief under Rule 60(b)(6). *Eby*, 148 Idaho at 737, 228 P.3d at 1004.

The Court's decision in *Eby* was "limited in scope" to requests for relief from final judgments in an initial post-conviction proceeding under Rule 60(b)(6). *Eby*, 148 Idaho at 736, 228 P.3d at 1003. Thus, the Court's reference to unique and compelling circumstances was in reference to a motion brought under Rule 60(b)(6) *during the original post-conviction case*, not a claim of sufficient reason under I.C. § 19-4908 made in a successive petition. Indeed, the Court did not hold that ineffective assistance of post-conviction counsel--even if so egregious as to amount to an absence of all meaningful assistance--constitutes a sufficient reason for filing a successive petition under I.C. § 19-4908. As a result, although Lopez could possibly argue that,

4

under *Eby*, he is entitled to relief from final judgment on a rule 60(b) motion filed in his initial post-conviction case, *Eby* does not support Lopez's claim that the alleged lack of any meaningful representation provides a sufficient reason under I.C. § 19-4908 for him to file a successive petition.[1]

Lopez nonetheless argues that some claims must constitute sufficient reason to file a successive petition for post-conviction relief lest the legislature's use of that language in I.C. § 19-4908 be rendered meaningless. With this proposition, we agree. Indeed, post-*Murphy*, newly discovered evidence--among other things--may still provide sufficient reason for filing a successive petition. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). *See also Murphy*, 156 Idaho at 393, 327 P.3d at 369 (noting that Murphy had no new evidence to present, so she was relying on her claim of ineffective assistance as providing sufficient reason for the successive petition). However, we disagree with Lopez's conclusion that the absence of any meaningful representation must constitute a sufficient reason under I.C. § 19-4908. The Idaho Supreme Court in *Murphy* squarely and unequivocally addressed this issue, leaving no room for this Court to craft an exception: "ineffective assistance of post-conviction counsel is not a sufficient reason under I.C. § 19-4908 for allowing a successive petition." *Murphy*, 156 Idaho at 391, 327 P.3d at 367. This is true even if, as Lopez alleges, the representation was so deficient as to deprive the petitioner of any meaningful representation because there is no statutory or constitutional right to counsel in post-conviction proceedings. *See id.* at 394-95, 327 P.3d at 370-71 ("Where there is no right to counsel, there can be no deprivation of effective assistance of counsel.").

In this case, regardless of whether the district court erred in striking Lopez's pro se motion, summary dismissal was appropriate because Lopez relied entirely on his claim of ineffective assistance of post-conviction counsel to justify filing his successive petition. Thus, Lopez failed to assert any sufficient reason for filing a successive petition for post-conviction relief as required under I.C. § 19-4908.

---

[1] We intimate no opinion as to the merits of a Rule 60(b) motion.

### III.

### CONCLUSION

Because Lopez failed to provide sufficient reason for filing a successive petition for post-conviction relief, the district court did not err in summarily dismissing Lopez's successive petition for post-conviction relief.  Accordingly, we affirm that summary dismissal.  No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**