IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46600

| | |
|---|---|
| BRYCE CODY TRANSUE, | ) |
| | ) Filed: February 20, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment dismissing successive petition for post-conviction relief, affirmed.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Bryce Cody Transue appeals from the summary dismissal of his successive petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In his underlying criminal case, the State charged Transue with two counts of lewd conduct with a minor and one count of sexual abuse of a child for acts committed against his eleven-year-old stepdaughter and his six-year-old daughter. Idaho Code §§ 18-1508, 18-1506(1)(b). The prosecution of these crimes involved a complicated procedural history, including two mistrials, Transue's guilty plea, the withdrawal of that plea, and a third trial. During the third trial, the State called two pediatric nurse practitioners from the Children at Risk Evaluation Services (CARES) as expert witnesses. After Transue's counsel implied the prosecution had improperly influenced the victims, the district court allowed the State to admit

1

the videotapes of the victims' CARES interviews. At the conclusion of the third trial, a jury convicted Transue on all counts. On direct appeal, this Court affirmed Transue's conviction for lewd conduct; ruled the district court did not abuse its discretion by admitting the CARES videos; but vacated Transue's conviction for sexual abuse, concluding it was not supported by sufficient evidence. *State v. Transue*, Docket No. 43777 (Ct. App. Sept. 19, 2017) (unpublished).

Before this Court resolved Transue's direct appeal, he filed a pro se petition for post-conviction relief. Transue did not submit an affidavit or any other evidence in support of his petition. The district court appointed counsel to represent Transue, and appointed counsel filed an amended petition but failed to incorporate Transue's initial petition, failed to have him verify the amended petition, and failed to submit any supporting affidavits. The court concluded the amended petition superseded Transue's initial pro se petition. Nonetheless, the court stated it would have considered any verified facts or affidavits supporting Transue's initial pro se petition, stating that "if there was a separate affidavit, or even verified facts that were part of the initial Petition, the Court would consider that information for purposes of this motion; however, there is no such information." As a result, the court concluded no admissible evidence supported Transue's petition and summarily dismissed it. Transue did not appeal this dismissal.

Following this Court's remittitur in Transue's direct appeal of his underlying criminal conviction, he filed a successive petition for post-conviction relief and (after appointment of counsel) an amended successive petition, which is at issue in this case. In this successive petition, Transue asserted claims for ineffective assistance of trial counsel, of post-conviction counsel, and of appellate counsel. The State moved for summary dismissal, which the district court granted in part, concluding that Transue's claims for ineffective assistance of trial counsel were raised or should have been raised in his original post-conviction petition and that no sufficient reason justified Transue's successive petition under Idaho Code § 19-4908.

As to Transue's ineffective assistance of appellate counsel claims, however, the district court concluded Transue could not have raised these claims in his original petition, which was filed before the remittitur in his direct appeal. The district court entered a notice of intent to dismiss these claims, concluding Transue failed to raise genuine issues of material fact. In response, Transue clarified that his "appellate counsel was ineffective for failing to raise the issue on appeal regarding the CARES experts drawing conclusions as to the credibility of the

2

victims." The district court summarily dismissed this claim noting that "Transue did not point to--and the Court did not find--any statement by [the CARES witnesses] that vouched for the credibility of the witnesses." Transue timely appeals the district court's summary dismissal.

## II.

## ANALYSIS

### A. Ineffective Assistance of Post-Conviction Counsel

Transue challenges the district court's ruling that there is no "sufficient reason" under I.C. § 19-4908 for his successive petition. Transue's argument focuses on his claims for ineffective assistance of post-conviction counsel.[1] The law, however, is well-established that post-conviction counsel's ineffective assistance is not a sufficient reason under I.C. § 19-4908 for a successive petition.

Generally, I.C. § 19-4908 requires a petitioner to assert all allegations in support of post-conviction relief in a single petition. It provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for *sufficient reason* was not asserted or was inadequately raised in the original, supplemental, or amended application.

(Emphasis added.)

Interpreting this statute, the Idaho Supreme Court in *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014), has concluded that ineffective assistance of post-conviction counsel does not constitute a "sufficient reason" under I.C. § 19-4908. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. The Court reasoned that there is no right, statutory or otherwise, to post-conviction counsel and that without such a right, there can be no deprivation of effective assistance of counsel. *Id.* at 394-95, 327 P.3d at 370-71. As a result, the Court held that a petitioner cannot demonstrate a

---

[1] The district court also summarily dismissed Transue's claims of ineffective assistance of trial counsel because they "were already raised--or should have been raised" in his original petition. Although Transue argues the merits of these claims, he does not challenge on appeal the district court's ruling that he already raised or should have raised the claims in his original petition. Accordingly, he waived the issue. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (concluding party waives issue on appeal if either authority or argument is lacking).

3

sufficient reason for filing a successive petition based on allegations of ineffective assistance of post-conviction counsel. *Id.* at 395, 327 P.3d at 371.

Following *Murphy*, this Court in *Lopez v. State*, 157 Idaho 795, 339 P.3d 1199 (Ct. App. 2014), rejected the argument that the egregiousness of post-conviction counsel's performance is an exception to the rule in *Murphy* that ineffective assistance of post-conviction counsel is not a sufficient reason for a successive petition under I.C. § 19-4908. In *Lopez*, the petitioner's appointed counsel failed to file an amended petition based on the mistaken belief that the petitioner's original petition was untimely. *Id.* at 796, 339 P.3d at 1200. After the district court twice appointed the petitioner new counsel, the court summarily dismissed petitioner's petition. *Id.* Thereafter, the petitioner filed a successive petition, alleging his post-conviction counsel was ineffective, and the court summarily dismissed that successive petition. *Id.*

The petitioner in *Lopez* appealed the dismissal of his successive petition, arguing that "the manner in which his several post-conviction attorneys neglected his case was so egregious that it presented unique and compelling circumstances qualifying as sufficient reason to bring the successive petition under I.C. § 19-4908." *Lopez*, 157 Idaho at 797, 339 P.3d at 1201. This Court rejected the argument:

> [W]e disagree with [the petitioner's] conclusion that the absence of any meaningful representation must constitute a sufficient reason under I.C. § 19-4908. The Idaho Supreme Court in *Murphy* squarely and unequivocally addressed this issue, leaving no room for this Court to craft an exception: ineffective assistance of post-conviction counsel is not a sufficient reason under I.C. § 19-4908 for allowing a successive petition. This is true even if, as [the petitioner] alleges, the representation was so deficient as to deprive the petitioner of any meaningful representation because there is no statutory or constitutional right to counsel in post-conviction proceedings.

*Id.* at 1202, 339 P.3d at 1202 (quotations omitted) (citation omitted).

On appeal, Transue makes numerous arguments in an attempt to avoid the rule in *Murphy* and *Lopez* that post-conviction counsel's ineffective assistance, even if egregious, is not a sufficient reason for a successive petition under I.C. § 19-4908. None of Transue's arguments, however, are meritorious.[2] First, Transue argues *Lopez* misconstrues *Murphy* and that, contrary

---

[2] One of Transue's arguments is that "*Murphy* must be limited to cases heard on their merits to serve justice and judicial economy." In support of this argument, Transue's counsel cites numerous unpublished opinions and also information not in the clerk's record on appeal. Similarly, Transue's counsel also references personal information about post-conviction counsel, which is not in the record, in support of the assertion that counsel's performance was obviously

4

to *Lopez*, *Murphy* does not "render counsel's conduct taboo in the 'sufficient reason' analysis," but rather only shifts the inquiry from "whether the petitioner received ineffective assistance of post-conviction counsel" to "whether counsel's ineffective assistance provides sufficient reason" for a successive petition. This argument is both circular and ignores the clear holding in *Murphy* that ineffective assistance of post-conviction counsel does not constitute a sufficient reason for a successive petition. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. Accordingly, we decline to overrule *Lopez* as Transue urges.

Second, Transue attempts to distinguish *Lopez* by arguing his post-conviction counsel's "gross incompetence" coupled with the district court's "error" in exalting "form over substance" to dismiss his original petition is sufficient reason for Transue's successive petition. This argument, however, overlooks that Transue's recourse if he disputed the basis for the district court's summary dismissal of his original petition was to directly appeal that dismissal, not to file a successive petition collaterally challenging the dismissal. Having failed to appeal the district court's summary dismissal of his original petition, Transue cannot rely on that unchallenged dismissal as a basis for a successive petition.

Finally, Transue argues a sufficient reason under I.C. § 19-4908 must include "unique and compelling circumstances" under Rule 60(b) of the Idaho Rules of Civil Procedure, which provides relief from a final judgment, order, or other proceeding in certain circumstances. Transue, however, concedes he never filed a Rule 60(b) motion. This Court will not consider issues raised for the first time on appeal. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).

Contrary to Transue's arguments, *Murphy* and *Lopez* are dispositive. Transue failed to demonstrate a sufficient reason for filing a successive petition under I.C. § 19-4908. Accordingly, the district court did not err by summarily dismissing Transue's claims for ineffective assistance of trial and of post-conviction counsel. Moreover, ineffective assistance of post-conviction counsel is not a "claim" for relief, as Transue characterizes it. Rather,

---

deficient. Counsel is reminded that this Court will not consider unpublished authorities or information not in the clerk's record on appeal. *See* Supreme Court Operating Rule 15(f) ("If an opinion is not published, it may not be cited as authority or precedent in any court."); *cf. Rencher/Sundown LLC v. Pearson*, 165 Idaho 877, 881, 454 P.3d 519, 523 (2019) (noting missing portions of record are presumed to support trial court's action).

ineffective assistance of post-conviction counsel is a means by which petitioners have attempted but failed to establish a "sufficient reason" for a successive petition under I.C. § 19-4908. Having failed to establish a "sufficient reason" based on post-conviction counsel's ineffective assistance, the substantive claim for relief lost is ineffective assistance of trial counsel.

## B.   Ineffective Assistance of Appellate Counsel

Transue also challenges the district court's summary dismissal of his claim for ineffective assistance of appellate counsel.  "The right to effective assistance of counsel extends to the defendant's first appeal as a matter of right." *Mintun v. State*, 144 Idaho 656, 658, 168 P.3d 40, 42 (Ct. App. 2007).  As with trial counsel, to establish a claim for ineffective assistance of appellate counsel the petitioner must show that "appellate counsel's performance was deficient and caused prejudice in the outcome of the appeal."  *Id.* at 661, 168 P.3d at 45; *see also Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (requiring petitioner to show attorney's performance was deficient and prejudiced petitioner).

This Court will not second-guess appellate counsel's tactical or strategic decisions. *Heilman v. State*, 158 Idaho 139, 145, 344 P.3d 919, 925 (Ct. App. 2015).  "An indigent defendant does not have a constitutional right to compel appointed appellate counsel to press all nonfrivolous arguments that the defendant wishes to pursue."  *Mintun*, 144 Idaho at 661, 168 P.3d at 45.  "Rather, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being the evidence of incompetence, is the hallmark of effective appellate advocacy."  *Id.*  Only when ignored issues are clearly stronger than those presented is the presumption of effective assistance of counsel overcome.  *Id.*  Further, this Court disfavors a post-conviction claim for ineffective assistance of appellate counsel for failure to raise a claim of fundamental error on direct appeal.  *Id.* at 662, 168 P.3d at 46.  "[A] rule allowing a post-conviction claim of ineffective assistance of appellate counsel for failing to raise an issue of fundamental error would be impractical, inefficient, and often disadvantageous to defendants whose interest would be better served by presenting such a claim in a post-conviction action asserting ineffective assistance of trial counsel."  *Id.*

As noted above, Transue clarified for the district court that his claim for ineffective assistance of appellate counsel related to appellate counsel's failure to challenge the CARES witnesses' testimony in which they purportedly vouched for the victims' credibility. Specifically, in response to the court's notice of intent to dismiss, Transue stated his claim was

based on counsel's failure "to raise the issue on appeal regarding the CARES experts drawing conclusions as to the credibility of the victims." The district court dismissed this claim noting that "Transue did not point to--and the Court did not find--any statement by [the CARES witnesses] that vouched for the credibility of the witnesses."

Transue now argues for the first time on appeal that his appellate counsel should have challenged the CARES witnesses' testimony as inadmissible under Idaho Rule of Evidence 702, which governs the admissibility of expert testimony. This argument fails because Transue never alleged it in his petition nor otherwise raised it before the district court. *See Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704 (ruling court will not consider issues raised for first time).

Moreover, Transue's trial counsel never objected to the CARES witnesses' testimony under Rule 702. Transue identifies three instances in which he contends his trial counsel objected generally to "foundation" to the CARES witness' testimony; only in two of these instances did Transue's trial counsel actually object, however. Regardless, a general foundation objection is inadequate to preserve an objection that testimony is inadmissible under Rule 702. *See, e.g.*, *Ballard v. Kerr*, 160 Idaho 674, 691-92, 378 P.3d 464, 481-82 (2016) (noting general objection to foundation inadequate to preserve objection to expert testimony); *State v. Davis*, 155 Idaho 216, 219, 307 P.3d 1242, 1245 (Ct. App. 2013) (same). Absent a proper Rule 702 objection at trial, a direct appeal of this issue would have triggered the fundamental error doctrine, and this Court disfavors post-conviction claims based on appellate counsel's failure to raise a claim of fundamental error. *See Mintun*, 144 Idaho at 662, 168 P.3d at 46 (noting post-conviction claims for failure to raise fundamental error on direct appeal disfavored). For these reasons, Transue has failed to demonstrate that his appellate counsel's performance was deficient or that it caused prejudice to the outcome of his direct appeal.

## III.

## CONCLUSION

Transue's successive petition is not supported by a sufficient reason under I.C. § 19-4908. Further, Transue failed to demonstrate ineffective assistance of appellate counsel. Accordingly, the district court did not err by summarily dismissing Transue's successive petition, and we affirm the district court's judgment.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.

7